UNITED STATES of America

v.

William A. AIVALIKLES

No. CIV 02–17–JD.

United States District Court,
D. New Hampshire.

Jan. 9, 2003.

Stephen J. Turanchik, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

William E. Aivalikles, Law Office of William A. Aivalikles, Nashua, NH, for Defendant.

## ORDER

DICLERICO, District Judge.

The United States brings a civil action pursuant to 26 U.S.C. §§ 7401 and 7403 to obtain a judgment as to the amount of unpaid income tax owed by defendant, William A. Aivalikles. The amount claimed is a total of $571,411.31, covering taxes and other assessments owed for the years 1993, 1994, 1996, and 1997. The government moves for summary judgment as to the amounts owed for 1996 and 1997. Aivalikles objects.[1]

### Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to in-

---

1. The government filed a notice of its intent to file a reply memorandum on December 11, 2002, but has not filed a reply.

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. *See id.* at 255, 106 S.Ct. 2505.

The party with the burden of proof cannot rely on speculation or conjecture and instead must present sufficient evidence on essential factual elements of each claim to generate a trialworthy issue. *See In re Spigel,* 260 F.3d 27, 31 (1st Cir.2001). An absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue. *See Perez v. Volvo Car Corp.,* 247 F.3d 303, 310 (1st Cir.2001).

### Background

In support of the motion for summary judgment, the government submits the declaration of Robert Murphy, an Advisor with the Technical Support Section of the Internal Revenue Service in Boston, Massachusetts, copies of Aivalikles's tax returns for the years 1996 and 1997, and certificates of assessments, on form 4340, for tax amounts due for each year. As to 1996, the assessment shows unpaid income tax, penalties, and interest, in the amount of $108,493.57.[2] For 1997, the assessment shows unpaid income tax, penalties, and interest in the amount of $61,330.99.[3] The government also seeks additional amounts for each year for unspecified "interest and other statutory additions."

In response, Aivalikles states that the government's records indicate that it reversed credits of $15,000.00 on May 5, 1998; $4,500.00 on May 1, 1995; $2,500.00 on June 16, 1998; $4,936.00 on May 5, 1999, and $1,707.00 on April 15, 2000. He further states that he does not dispute the reversal of $15,000.00 on May 5, 1998, or a reversal of $2,500.00 on May 11, 1995. He challenges the remaining reversals of payments or credits as not legally justified.

Aivalikles also states that the government forwarded notices of levies to certain individuals and entities. He asserts that he has not been able to document the amounts received on the levies but states that one client paid the government the amount owed for legal services he rendered for the client. He further asserts that the government has not credited him for the amounts recovered on the levies.

### Discussion

 The government seeks partial summary judgment, on the amounts due

---

**2.** Although the government claims $110,188.57 in the fact section of its memorandum, supported by the declaration of Robert Murphy, the 1996 assessment shows $108,493.57 as the balance due. *See* Ex. B to U.S. Motion. It appears that the larger number was erroneously calculated without reference to the assessment and without deducting a payment of $1,695.00, dated October 30, 1998, which is listed in the assessment. Absent any other explanation for the discrepancy, the court will rely on the amount shown in the assessment.

**3.** Again the government claims a different amount, $61,320.99, which is also stated in Murphy's declaration. And again, the court will rely on the amount stated in the assessment.

for the years 1996 and 1997. In a tax collection suit pursuant to § 7401 and § 7403, the amount of the tax assessment is presumed to be correct and the taxpayer bears the burden of showing that he paid the correct amount of tax liability. *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); *Delaney v. C.I.R.*, 99 F.3d 20, 23 (1st Cir.1996). Certificates of assessments on form 4340 are presumptive proof of the amounts due. *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir.1992). Therefore, the balances due of $108,493.57 for 1996 and $61,330.99 for 1997, as shown in the certificates of assessments are presumed to be correct.

Aivalikles's statements in his objection suggesting that other amounts might have been paid or that payments or credits might have been incorrectly reversed are insufficient to carry his burden of proof.[4] *See* Fed.R.Civ.P. 56(e), *Perez*, 247 F.3d at 315. None of the disputed credits listed by Aivalikles appear in the assessments submitted by the government. Aivalikles has not submitted any materials to support his statements. Therefore, Aivalikles has not presented sufficient support for his assertions to overcome the presumption that the assessments are correct.

In addition to the balances due stated in the assessments, the government seeks significant amounts for "interest and other statutory additions." For 1996, the assessed balance is $108,493.57, and the government seeks a total of $178,758.56. For 1997, the assessed balance is $61,330.99, and the government seeks a total of $99,502.34. The government provides no explanation or detail as to what constitutes "interest and other statutory additions." The lack of specificity and the

government's demonstrated miscalculations prevent summary judgment as to the total amounts claimed. Instead, the government has only shown that it is entitled to summary judgment on the assessed amounts of $108,493.57 and $61,330.99.

### Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 7) is granted in part and denied in part as is more fully explained in this order.

SO ORDERED.

---

4. Aivalikles includes a certification at the end of his objection that the stated facts "are true to the best of my knowledge and belief."