Briand v. Morin                          CV-02-540-JD   02/25/03
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

John Briand

        v.                                Civil No. 02-540-JD
                                          Opinion No. 2003 DNH 027
Jennifer Morin and
Denise Blanchette


                              O R D E R


        The plaintiff, John Briand, proceeding pro se, brings a

civil rights action alleging that the defendants, Officer

Jennifer Morin, of the Milan Police Department, and Denise

Blanchette, a bail commissioner, imposed excessive bail after his

arrest for assault and criminal threatening with a firearm.

Morin moves for summary judgement pursuant to Federal Rule of

Civil Procedure 56(c) as to all of Briand's claims.  Briand

objects.[1]

_____

        [1]At the end of his objection, Briand seeks relief in the
form of an entry of summary judgment on his behalf.  The court
will not consider his objection to be a cross motion for summary
judgment because it was not submitted separately from other
filings, and it was not properly identified as a motion.  See LR
7.1.  While courts have historically loosened the reins for pro
se parties, see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21
(1972) (suggesting that courts should construe a pro se
litigant's pleadings with liberality), the "right of
self-representation is not 'a license not to comply with relevant
rules of procedural and substantive law.'" Andrews v. Bechtel
Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (quoting Faretta
v. California, 422 U.S. 806, 835 n.46, (1975)), cert. denied, 476
U.S. 1172 (1986)).

<u>Background</u>

Morin arrested Briand on charges of simple assault and felony criminal threatening with a firearm in the early morning hours of August 3, 2002. Morin's arrest of Briand was based both upon her own observations and the statements of three men at the scene of a disturbance in Milan.[2] Later, as Morin completed arrest-related paperwork at the police station, Blanchette was contacted so that bail could be set for the plaintiff.

Before bail was set, Milan Police Chief Dayna Strout discovered that Briand was a federal probationer. Strout then spoke with Probation Officer Jim Bernier of the United States Probation Office and was told that he was in the process of preparing federal warrants and a federal detainer to hold Briand for a violation. Bernier also noted that Briand should be considered a flight risk and a danger to others. Bernier faxed a copy of Briand's criminal record to Strout. Morin also reviewed the information provided by Bernier.

Blanchette, the bail commissioner, arrived at the police station and also spoke with Bernier. Subsequently, Morin presented Blanchette with the complaints against Briand, an arrest warrant and supporting affidavits. Blanchette interviewed

---

[2]The plaintiff alleges these three men were intoxicated.

2

Briand and then set Briand's bail at $25,000.

On August 5, 2002, Strout, Morin, and Captain George Valliere of the Berlin Police Department attended Briand's bail hearing before Judge Peter Bornstein. Valliere charged Briand with a violation of a domestic violence order, and Morin charged Briand with assault and felony criminal threatening with a firearm. Morin recommended bail of $100,000. Judge Bornstein then set bail at $100,000. Briand claims that both the $25,000 and $100,000 figures were determined with Morin and Blanchette's knowledge that he could not pay such amounts.

Briand brings this cause of action under 42 U.S.C § 1983 alleging that Morin and Blanchette violated his right to be free from excessive bail under the Eighth Amendment and his due process right under the Fourteenth Amendment. He also brings a count under 18 U.S.C. § 241 alleging that the defendants entered into a conspiracy to deprive him of his constitutional rights.

## Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). "On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). "[A]n absence of evidence on a critical issue weighs against the party . . . who would bear the burden of proof on that issue at trial." Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001).

Discussion

I.   42 U.S.C. § 1983 Claims

Morin argues that because, as a matter of New Hampshire law, setting bail is exclusively within the province of the judicial branch, she, as a police officer, cannot be liable under § 1983 for setting bail at a specific amount. Morin also contends that the evidence does not show that she caused Briand's bail to be set at any amount.[3]

---

[3]Morin also argues that, as a police officer, she is entitled to qualified immunity as to her participation in setting

4

Briand bears the ultimate burden of proof on his § 1983 claim. See Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). To defeat Morin's motion for summary judgment he must present sufficient evidence on each "essential factual element" of his claim to "generate a trialworthy issue." See In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001). For his § 1983 claim Briand must offer sufficient evidence that:

> First . . . the defendants acted under color of state law; and second . . . the defendant's conduct worked a denial of rights secured by the Constitution or federal law. . . . To satisfy the second element [Briand] must show that the defendant's conduct was the cause in fact of the alleged deprivation. . . . The issue of causation of damages in a section 1983 suit is based on basic notions of tort causation.

Garcia, 115 F.3d at 52 (internal citations omitted). Causation, therefore, is a material issue on which Briand must present "definite, competent evidence to rebut the motion" for summary judgment. Mesnick, 950 F.2d at 822 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)).

Morin correctly asserts that New Hampshire law places the power to set bail not with the police, but with the courts and

---

Briand's bail. The court must evaluate Morin's defense on the issue of causation first, because the court is required to assess whether a plaintiff "has alleged a deprivation of a constitutional or federal right by a [public] official" before evaluating that official's claim of qualified immunity. See Kelly v. LaForce, 288 F.3d 1, 6-7 (1st Cir. 2002).

individuals appointed as bail commissioners by the courts. See N.H. Rev. Stat. Ann. § 597(1), et seq. This fact alone, however, is insufficient to shield a police officer from potential liability for excessive bail imposed by an authorized official. In Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987), the First Circuit determined that a public official's lack of statutory authority to set bail is insufficient to shield that official from liability under § 1983 if he "help[s] to shape" and "exercis[es] significant influence over" the bail decision. Id. at 211-12. In coming to this conclusion, the court relied on the principle that "if a person wrongfully brings about an end by manipulating another, the naked fact that he lacked statutory power to accomplish the end by himself does not provide an impenetrable shield." Id. at 211.

In Wagenmann several defendants, including a police officer, were found to have conspired to prevent the father of a bride from contacting his daughter in the days preceding her wedding by unconstitutionally arresting him without probable cause, arranging for excessive bail to keep him imprisoned, and ultimately confining him in a mental institution. See id., at 201-05. With respect to the police officer's liability for setting excessive bail, the court found that the officer "characteriz[ed]" his "description of the charges" and the

6

arrestee's access to funds "to bring about the outcome [in the bail determination] which [he] coveted." Id. at 212.

The court used "traditional tort principles" of an intervening, superceding cause theory to evaluate whether the police officer in that case could be the legal cause of a clerk's determination of an arrestee's bail. Id., at 212. In particular, the court relied upon the following factors from section 442 of the Restatement (Second) of Torts, addressing intervening, superceding cause:

> (a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
>
> (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;
>
> (c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;
>
> (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;
>
> (e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;
>
> (f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

7

<u>Wagenmann</u>, 829 F.2d at 212 (quoting Restatement (Second)of Torts § 442 (1965)). The court reviewed these factors and concluded that only the fourth factor weighed against a determination that the officer was the cause of the bail determination. <u>See</u> <u>Wagenmann</u>, 829 F.2d at 213.

The court's determination that the officer was not shielded from liability based on the clerk's determination of bail was shaped by the particular circumstances of that case, most significantly the officer's "intimate involvement in the bail decision." <u>Id.</u> at 211. The court indicated that the relationship between the officer and the clerk who set bail was such that it was "to be expected" that the clerk who set bail would rely on the police officer's bail recommendation. <u>See</u> <u>id.</u> at 212. Furthermore, the officer was "the initiator of official bail activity and the clerk's <u>lone</u> source of information about the arestee." <u>See</u> <u>id.</u> (emphasis added).

In this case, however, the record includes no indication that it was "to be expected" that Morin would influence Blanchette's bail determination. Furthermore, the record includes no evidentiary support for the proposition that Morin in fact did influence Blanchette's bail determination. As to Judge Bornstein's bail determination, the record does indicate that Morin recommended that bail be set at $100,000, but there is

8

no record support for the proposition that it was "to be expected" that Judge Bornstein would accept her bail recommendation. Id. at 212.

In this case, the bail hearings occurred in the normal course of police department procedure and were not the product of a police officer manipulating or initiating bail activity. Blanchette personally met with Briand and reviewed the arrest warrant and the complaints against him as well as his significant criminal record. Blanchette also personally spoke with Bernier of the United States Probation Office. Morin did not make any recommendation to Blanchette concerning bail.

Morin's recommendation to Judge Bornstein was made in the normal course of a bail proceeding and was informed by her knowledge of the charges against Briand, his criminal record, and the information contained in Bernier's letter. Her involvement in this matter is incomparable to that of the officer in Wagenmann.

Judge Bornstein heard Captain Valliere and Officer Morin, assisted by Chief Strout, state the charges against the plaintiff. Officer Morin also provided the judge with the letter from Bernier along with the plaintiff's criminal record. She recommended that bail be set at $100,000.

Briand has not provided any evidence, aside from

9

unsupported, conclusory allegations in his complaint and objection,[4] in support of his claim that Morin manipulated the bail proceedings in order to secure excessive bail for him. Although Briand alleges that "Morin used trickery, chicanery and deceit" during the course of the bail proceedings, Briand has offered no specific evidence indicating that Morin misrepresented any material facts about Briand to either Blanchette or Judge Bornstein.

The undisputed facts in this case stand in stark contrast to the facts of the Wagenmann case. After reviewing the undisputed evidence of record in light of the Restatement factors, the court concludes that Morin's actions were not the legal cause of the bail determinations made by Blanchette and Judge Bornstein. There is no genuine dispute that Morin did not exercise significant influence over the bail determinations under the circumstances presented in this case.[5] Therefore, Morin is

---

[4]"The statements and argument of counsel in a memorandum of law are not competent to support or oppose a motion for summary judgment under rule 56(e). See Transurface Carriers, Inc. v. Ford Motor Co., 738 F.2d 42, 46 (1st Cir. 1984) ("Mere assertions of counsel made in a legal memorandum are insufficient to establish the existence of a genuine issue of material fact.")." Lopez v. Corporation Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).

[5]The court notes that given the charges that were brought against the plaintiff, his criminal record, and the

10

entitled to summary judgment on Briand's § 1983 claim.


II. **18 U.S.C. § 241 Conspiracy**

Morin also seeks summary judgment as to Briand's section 18 U.S.C. § 241 count on the ground that her cooperation with fellow law enforcement officers, including members of United States Probation, cannot constitute a conspiracy because such cooperation is vital to law enforcement activity. The court need not address the merits of Briand's claim under 18 U.S.C. § 241 because he has no standing to bring such a claim. "Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . . These statutes do not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985)); see also Fiorino v. Turner, 476 F. Supp. 962 (D. Mass. 1979). Because Briand is a private citizen he cannot assert an 18 U.S.C. § 241 claim, and Morin is entitled to summary judgment.

---

determinations by the United States Probation Officer that he was both a flight risk and a danger to others, bail in the amount of $25,000, and subsequently $100,000, was not excessive.

## Conclusion

For the foregoing reasons, Morin's motion for summary judgment (document no. 8) is granted.  The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 25, 2003

cc:   John Brian, pro se
      Steven E. Hengen, Esquire
      Daniel J. Mullen, Esquire