Briand v. Morin                          CV-02-540-JD  02/25/03
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE

<u>John Briand</u>

     v.                              Civil No. 02-540-JD
                                     Opinion No. 2003 DNH 028
<u>Jennifer Morin and</u>
<u>Denise Blanchette</u>


                           O R D E R


     The plaintiff, John Briand, proceeding pro se, brings a

civil rights action alleging that the defendants, Officer

Jennifer Morin, of the Milan Police Department and Denise

Blanchette, a bail commissioner, imposed excessive bail after his

arrest for assault and criminal threatening with a firearm.

Blanchette moves to dismiss Briand's claims pursuant to Federal

Rule of Civil Procedure 12(b)(6) (document no. 19.) on the basis

that, as a bail commissioner, she is entitled to absolute

immunity.  Briand objects.  Briand also moves to correct a pre-

trial order (document no. 25).  Defendant Morin moves to continue

the trial date (document no. 22).


                          <u>Background</u>

     Blanchette is the bail commissioner who set bail in the

amount of $25,000 for Briand subsequent to his arrest on August

3, 2002.  Briand brings this cause of action under 18 U.S.C. §

1983 alleging that Morin and Blanchette deprived him of his right

to be free from excessive bail under the Eighth Amendment and his due process right under the Fourteenth Amendment. He also brings a count under 18 U.S.C. § 241 alleging that the defendants entered into a conspiracy to deprive him of the aforementioned constitutional rights. For additional background, see the court's order of even date on defendant Morin's motion for summary judgment.

## Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes all well-pled facts in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 93 (1st Cir. 2000). The court "must carefully balance the rule of simplified civil pleadings against our need for more than conclusory allegations." Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997) (quotation omitted). A claim will be dismissed "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000) (quotation omitted). A complaint filed by a pro se litigant is held to "less stringent standards" than one drafted by a lawyer. See

2

<u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).


Discussion

It is well settled that "[j]udges are absolutely immune from damages liability for actions taken in a judicial capacity unless the judge has acted 'in the clear absence of all jurisdiction.'" <u>Decker v. Hillsborough County Attorney's Office</u>, 845 F.2d 17, 21 (1st Cir. 1988) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 357 (1978)). The doctrine of quasi-judicial immunity extends absolute immunity to other public officers who "perform <u>functions</u> essentially similar to those of judges." <u>See</u> <u>Destek Group, Inc. v. New Hampshire Pub. Util. Comm'n</u>, 2003 WL 174778 at *6 (1st Cir. 2003) (emphasis in original); <u>see</u> <u>also</u> <u>Thompson v. Sanborn</u>, 568 F. Supp. 385, 390 (D.N.H. 1983).

Under New Hampshire law, bail commissioners are authorized to "fix the amount of and receive bail in the same manner as the court might do except in cases provided for by RSA 587:4." N.H. Rev. Stat. Ann. § 597:18 (2001) (the RSA 587:4 exception for arrestees charged with murder is not applicable in this case). In this case, it is undisputed that Blanchette is a duly appointed bail commissioner and that Briand had been arrested for a criminal offense which qualified for bail under New Hampshire law. <u>See</u> Rev. Stat. Ann. § 597:15, § 597:18. In setting

3

Briand's bail, Blanchette was exercising "quasi-judicial power[]" as she was authorized to do when acting in her capacity as a bail commissioner. See Thompson, 568 F. Supp. at 391. Therefore, Blanchette is entitled to absolute immunity from suit for damages arising from setting Briand's bail. See Thompson, 568 F. Supp. at 391.

Conclusion

For the foregoing reasons, Blanchette's motion to dismiss (document no. 19) is granted. The court previously entered summary judgment for the only other defendant, Officer Morin, (document no. 31). Therefore, the clerk shall enter judgment accordingly and close the case. Briand's motion to correct a pre-trial order (document no. 25), his motion to rescind the court's order granting plaintiff's motion for interrogatories (document no. 20), and Morin's motion to continue the trial date (document no. 22), are denied as moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 19, 2003
cc:  John Briand, pro se
     Steven E. Hengen, Esquire
     Daniel J. Mullen, Esquie

4