Briand v. Strout                          CV-03-052-JD   05/29/03
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


John Briand

        v.                              Civil No. 03-052-JD
                                        Opinion No. 2003 DNH 091
Dayna Strout and Cecile Strout


                            O R D E R

        The plaintiff, John Briand, proceeding pro se, brings a

civil rights action alleging that the defendants, Dayna Strout

and Cecile Strout, respectively the Chief of the Milan Police

Department and a Sergeant within the department, violated his

civil rights by their involvement in bail proceedings subsequent

to his arrest for assault and criminal threatening with a firearm

on August 3, 2002.  The defendants move for summary judgment as

to all of Briand's claims (document no. 11), to which Briand

objects (document no. 12).

                            Background

        A prior suit by Briand against Officer Jennifer Morin of the

Milan Police Department and Bail Commissioner Denise Blanchette

concluded on February 25, 2003.  The court granted summary

judgment in favor of Morin and dismissed the action against

Blanchette.  See Briand v. Morin, Opinion No. 2003 DNH 27 (D.N.H.

Feb. 25, 2003); Briand v. Morin, Opinion No. 2003 DNH 28 (D.N.H.

Feb. 25, 2003).  Briand's suit against Morin and Blanchette raised essentially the same legal issues raised in this suit, based upon essentially the same background circumstances except that the present matter relates to the participation by Chief Strout and Sergeant Strout in bail procedures for Briand.[1]

Morin arrested Briand on charges of simple assault and felony criminal threatening with a firearm in the early morning hours of August 3, 2002.  Chief Strout was present at Briand's arrest and, together with Morin, transported Briand to the Berlin Police Department for processing.  Later, as Morin completed arrest-related paperwork at the police station, Blanchette was contacted so that bail could be set for the plaintiff.

Before bail was set, Chief Strout discovered that Briand was a federal probationer.  Chief Strout then spoke with Probation Officer Jim Bernier of the United States Probation Office who told Chief Strout that he was in the process of preparing federal warrants and a federal detainer to hold Briand for a violation. Bernier also noted that Briand should be considered a flight risk and a danger to others.  Bernier faxed a copy of Briand's criminal record to Chief Strout.

---

[1]For a general description of the background events underlying this claim see Briand v. Morin, Opinion No. 2003 DNH 27 (D.N.H. Feb. 25, 2003) and Briand v. Morin, Opinion No. 2003 DNH 28 (D.N.H. Feb. 25, 2003).

Blanchette, the bail commissioner, arrived at the police station and also spoke with Bernier. Subsequently, Morin presented Blanchette with the complaints against Briand and an arrest warrant with supporting affidavits. Blanchette interviewed Briand and then set Briand's bail at $25,000.

On August 4, 2002 Chief Strout asked Sergeant Strout to prepare for Briand's bail hearing the next day. On August 5, 2002, Chief Strout, Morin, Captain George Valliere of the Berlin Police Department, and Sergeant Strout attended Briand's bail hearing before Judge Peter Bornstein. Before the hearing began, Sergeant Strout met with Officer Morin and discussed several factors that they decided to emphasize during the bail hearing, including Briand's risk of flight, history of violence, criminal record, and his lack of ties to the area.

At that hearing, Valliere charged Briand with a violation of a domestic violence order, and Morin charged Briand with assault and felony criminal threatening with a firearm. Morin then recommended bail of $100,000, and in support of this recommendation presented the factors she had discussed with Sergeant Strout. Although present, neither Chief Strout nor Sergeant Strout actively participated in the bail proceeding. At the conclusion of the proceeding, Judge Bornstein set bail at $100,000.

The plaintiff asserts that on August 14 or August 20, 2002, at a probable cause hearing before Judge Bornstein, Sergeant Strout recommended that bail be kept at $100,000. Briand, at this time represented by counsel, claims that he requested that bail be reduced and that this request was granted, lowering his bail to $40,000.[2]

Briand brings this cause of action under 42 U.S.C § 1983 alleging that, because of their participation in his bail proceedings, Chief Strout and Sergeant Strout violated his right to be free from excessive bail under the Eighth Amendment and his due process right under the Fourteenth Amendment. He also brings a count under 18 U.S.C. § 241 alleging that the defendants entered into a conspiracy to deprive him of his constitutional rights.

---

[2]In his complaint the plaintiff claims the hearing was on August 20, 2002 (pl.'s compl. at 10), but in his objection he claims it took place on August 14, 2002 (pl.'s obj. at 10).

Briand has not supported his allegations as to the events at this hearing with any record citation as required by Local Rule 7.2(b)(2). The plaintiff's failure to properly support his claims about the probable cause hearing is insubstantial because his claims are not based on the reduction in bail that occurred at that hearing. Briand's claims are based on the $25,000 bail set on August 3, 2002, by Bail Commissioner Blanchette, and the $100,000 bail set on August 5, 2002 by Judge Bornstein. The probable cause hearing appears, in contrast, to have resulted in a considerable improvement in Briand's bail conditions.

4

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). "On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). "[A]n absence of evidence on a critical issue weighs against the party . . . who would bear the burden of proof on that issue at trial." Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001).

Discussion

I.   Claims Under 42 U.S.C. § 1983[3]

Briand bears the ultimate burden of proof on his § 1983 claim.  See Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  To defeat the defendants' motion for summary judgment he must present sufficient evidence on each "essential factual element" of his claim to "generate a trialworthy issue."  See In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (internal quotation and citations omitted).  For his § 1983 claim Briand must offer sufficient evidence that:

> First . . . the defendants acted under color of state law; and second . . . the defendants' conduct worked a denial of rights secured by the Constitution or federal law. . . .  To satisfy the second element, [Briand] must show that the defendants' conduct was the cause in fact of the alleged deprivation. . . .  The issue of causation of damages in a section 1983 suit is based on basic notions of tort causation.

Garcia, 115 F.3d at 52 (internal citations omitted).  Causation, therefore, is a material issue on which Briand "must present definite, competent evidence to rebut the motion" for summary judgment.  Mesnick, 950 F.2d at 822 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)).

---

[3]In this discussion, because of the similarity of factual and legal issues, the court substantially relies upon the language and reasoning from the prior order granting summary judgment for Officer Morin.  See Briand, Opinion No. 2003 DNH 27.

New Hampshire law places the power to set bail, not with the police, but with the courts and individuals appointed as bail commissioners by the courts. See N.H. Rev. Stat. Ann. § 597(1), et seq. Nevertheless, a public official's lack of statutory authority to set bail is insufficient to shield that official from liability under § 1983 if he "help[s] to shape" and "exercis[es] significant influence over" the bail decision. Wagenmann v. Adams, 829 F.2d 196, 212 (1st Cir. 1987). "[I]f a person wrongfully brings about an end by manipulating another, the naked fact that he lacked statutory power to accomplish the end by himself does not provide an impenetrable shield." Id. at 211.

In Wagenmann several defendants, including a police officer, were found to have conspired to prevent the father of a bride from contacting his daughter in the days preceding her wedding by unconstitutionally arresting him without probable cause, arranging for excessive bail to keep him imprisoned, and ultimately confining him in a mental institution. See id. at 201-05. With respect to the police officer's liability for setting excessive bail, the court found that the officer shaped his "description of the charges," "his version of the facts," and the arrestee's access to funds "to bring about the outcome [in the bail determination] which [he] coveted." Id. at 212.

"Traditional tort principles" of an intervening, superceding cause theory govern the analysis of whether a police officer's involvement could be the legal cause of the bail ultimately set for an arrestee. Id. at 212. The following factors, addressing intervening, superceding cause, guide the analysis:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

Wagenmann, 829 F.2d at 212 (quoting Restatement (Second) of Torts § 442 (1965)).

In Wagenmann, the court reviewed these factors and determined that the officer was not shielded from liability

8

because of the particular circumstances of that case, most significantly the officer's "intimate involvement in the bail decision." Id. at 211. The court indicated that the relationship between the officer and the clerk who set bail was such that it was "to be expected" that the clerk who set bail would rely on the police officer's bail recommendation. See id. at 212. Furthermore, the officer was "the initiator of official bail activity and the clerk's lone source of information about the arestee." See id. (emphasis added).

In this case, however, the record includes no indication that Chief Strout actively participated in any of Briand's bail proceedings. Nor is there any indication that Chief Strout initiated bail activity, nor that he in any way controlled or limited Blanchette or Judge Bornstein's sources of information about Briand. Chief Strout's participation in Briand's bail proceedings is not comparable to that of the officer in Wagenmann.

With respect to Sergeant Strout, the record does not indicate that she had any involvement in Blanchette's bail determination of August 3, 2002. She did, however, assist Officer Morin during the August 5, 2002, bail proceedings.

The court has already determined that there is no evidentiary support for the proposition that it was "'to be

9

expected' that Judge Bornstein would accept [Morin's] bail recommendation." See Briand, Opinion No. 2003 DNH 27 (quoting Wagenmann, 829 F.2d at 212). Therefore, the lesser involvement of Sergeant Strout by merely assisting Officer Morin in shaping a bail recommendation, also cannot have been expected to determine the bail Judge Bornstein would set.

In this case, the bail proceedings "occurred in the normal course of police department procedure and were not the product of a police officer manipulating or initiating bail activity." Briand, Opinion No. 2003 DNH 27. Briand has not provided any evidence, aside from the unsupported, conclusory allegations in his complaint and objection, from which the court can conclude that either Chief Strout or Sergeant Strout manipulated bail proceedings in order to secure excessive bail for him.[4]

Although Briand asserts that Sergeant Strout has tried to deceive the court by offering untruthful information in her sworn affidavits, Briand has offered no specific evidence indicating the untruthfulness of any statement in Sergeant Strout's

---

[4]"Mere assertions of counsel made in a legal memorandum are insufficient to establish the existence of a genuine issue of material fact." See Transurface Carriers, Inc. v. Ford Motor Co., 738 F.2d 42, 46 (1st Cir. 1984). The plaintiff's unsupported assertions regarding Sergeant Strout's participation in a subsequent probable cause hearing before Judge Bornstein likewise do not raise a genuine issue as to Sergeant Strout's conduct in this case.

10

affidavit.

After reviewing the undisputed evidence of record in light of the Restatement factors, the court concludes that Chief Strout's and Sergeant Strout's actions were not the legal cause of the bail determinations made by Blanchette and Judge Bornstein under the circumstances presented in this case. Furthermore, the court again notes that, given the charges that were brought against the plaintiff, his criminal record and the determinations by the U.S. Probation Officer that he was both a flight risk and a danger to others, bail in the amount of $100,000 was not excessive. See Briand, Opinion No. 2003 DNH 27. Therefore, both Chief Strout and Sergeant Strout are entitled to summary judgment on Briand's § 1983 claim.

II.  18 U.S.C. § 241 Conspiracy

The defendants also seek summary judgment as to Briand's 18 U.S.C. § 241 count on the ground that Briand has no standing to bring such a claim. "Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . . These statutes do not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (citing Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985); see also Fiorino v. Turner, 476 F. Supp. 962 (D. Mass. 1979)).

11

Because Briand is a private citizen, he cannot assert an 18 U.S.C. § 241 claim, and the defendants are entitled to summary judgment.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 11) is granted. The clerk shall enter judgment accordingly, and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 29, 2003

cc:   John Briand, pro se
      Steven E. Hengen, Esquire

12