Briand v. Morin, et al.                    CV-03-176-M    12/09/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


John Briand,
      Plaintiff

      v.                                   Civil No. 03-176-M
                                           Opinion No. 2003 DNH
Jennifer Morin and Dayna Strout,
of the Milan Police Department,
      Defendants


                          **O R D E R**


      John Briand, a federal prisoner, brings this civil suit

seeking damages from two Milan, New Hampshire, police officers

for alleged civil rights violations arising from his arrest and

processing on August 3, 2002.  Defendants have moved for summary

judgment, but plaintiff has not responded.


      This is the third civil suit brought by Briand in this court

concerning the same set of operative facts — his August 3, 2002,

arrest and subsequent administrative processing.  Defendant

Strout was named as a defendant in one of the two earlier cases,

No. 03-052-JD, and Defendant Morin was a named defendant in the

other, No. 02-540-JD.  In those earlier suits, Briand also sought

damages for asserted injuries arising from his arrest and

processing on August 3, 2002, specifically the setting of what he alleged to be excessive bail.  Summary judgment was granted in favor of these defendants in each earlier case.  See Briand v. Morin and Blanchette, Civil No. 02-315-M, 2003 DNH 027 (D.N.H. February 25, 2003) and Briand v. Dayna Strout and Cecile Strout, Civil No. 03-052-JD, 2003 DNH 091 (D.N.H. May 29, 2003).

Where, as here, both the prior suits and the current suit were filed in federal court, federal law governs the preclusive effect given the earlier litigation.  See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998); Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999).  The difficulty faced by plaintiff in this case is that his prior suits against Strout and Morin related to the same nucleus of operative facts — his arrest, detention, and administrative processing on August 3-4, 2002.  When there is an identity of parties in a present and earlier suit, the earlier suit was resolved by entry of final judgment in favor of the defendant, and an identity exists between the causes of action asserted earlier and those asserted in the present case, the doctrine of res judicata, or claim preclusion, operates to bar not only

2

relitigation of issues previously raised, but also any issues that <u>could</u> <u>have</u> <u>been</u> raised in the earlier action.  <u>Allen v.</u> <u>McCurry</u>, 449 U.S. 90, 94 (1980).

As defendants correctly point out, present and past causes of action are sufficiently related to trigger the preclusive effect of <u>res</u> <u>judicata</u>:  "if each related to a set of facts which can be characterized as a single transaction or series of related transactions."  <u>Mass. School of Law</u>, at 38 (quoting <u>Apparel Art</u> <u>Intern., Inc. v. Amertex Enterprises Ltd.</u>, 48 F.3d 576, 583 (1st Cir. 1995)).  "This boils down to whether the causes of action arise out of a common nucleus of operative facts."  <u>Id.</u> (citation omitted).  "In mounting this inquiry, we routinely ask 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'"  <u>Id.</u> (quoting <u>Aunyx Corp. v. Canon U.S.A., Inc.</u>, 978 F.2d 3, 6 (1st Cir. 1992)).

Here, Briand seeks to litigate alleged civil rights violations different from those previously litigated, but arising

out of the same basic events — his arrest, detention and processing on August 3-4, 2002. Briand was arrested for criminal threatening with a firearm and assault. His car was at the scene (on someone else's property) and it was towed. Although Briand wished the car to be towed to a friend's residence, the friend refused to take it. Accordingly, it was towed to an impound lot and subsequently released to the primary lienholder (who also held legal title to the vehicle). Briand now seeks damages from these individual police officers for what he perceives to be a deprivation of his property without due process.

Following his arrest, when Briand was unable to make bail set by a commissioner, he was taken to the Coos County House of Correction to be detained pending a formal bail hearing. The County House of Correction apparently would not accept Briand as an inmate until a medical evaluation was performed. So, Briand was taken to a local hospital to be examined. He was later billed by the hospital for that service. Briand, probably correctly, asserts that the bill should be paid by the arresting police department, or the county, or the state. But, because he was billed, Briand asserts that he has been deprived by these

4

individual defendants of "his right to be free from all liability associated with care and medical health treatments . . . while being detained at defendants['] request, when they failed to compensate the Upper Connecticut Valley Hospital for services rendered."  Complaint at 8.

As the two claims advanced in this case arise from the same set of operative facts as the earlier cases — Briand's arrest, detention, and processing — he could have and should have asserted them when he filed the earlier suits against these same defendants.  He is now barred from doing so under the doctrine of res judicata.

Parenthetically, Briand's current claims do not describe actionable deprivations of constitutional rights.  Even assuming these defendants personally released Briand's seized vehicle to the primary lienholder "without providing prior knowledge or securing permission from the plaintiff," as he says (Complaint at 2), there would seem to be nothing inherently wrong with following that course.  (In New Hampshire the primary lienholder generally retains the motor vehicle certificate of title for the

5

very purpose of facilitating repossession of the vehicle when warranted.)  Certainly, Briand does not adequately plead a claim for the deprivation of property without due process.

With regard to the medical bill Briand contests, he himself pleads that it was Deputy William Joyce, and not one of the named defendants, who took him to the hospital for the pre-detention medical evaluation.  Complaint at 3.  It is difficult to discern how either of the named defendants could be liable, under any theory, to reimburse Briand for medical fees that have been assessed for that evaluation (and he does not claim to have paid those charges).  In any event, while the town, county, or state may well be liable to pay for the cost of Briand's pre-detention medical examination, that a bill for services was sent to Briand hardly rises to the level of a deprivation of constitutional rights actionable under 42 U.S.C. § 1983.  Briand, at best, has a civil claim for reimbursement if and when he pays the bill, and he could probably straighten the matter out with a simple request to the billing hospital that it resend the invoice to the Milan Police Department.

## Conclusion

Plaintiff's claims are barred by the doctrine of <u>res</u> <u>judicata</u>, and, in any event, the complaint does not describe claims actionable under 42 U.S.C. § 1983.  Defendants' unopposed motion for summary judgment (document no. 5) is hereby granted. The Clerk shall enter judgment in favor of defendants and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 9, 2003

cc:  John Briand
     Steven E. Hengen, Esq.